UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Thomas Evans,

                Petitioner,      Case No. 24-cv-12942

v.                                    Judith E. Levy
                                    United States District Judge

Jerry L. Clayton,

                                    Mag. Judge Elizabeth A.
                Respondent.    Stafford

_____/

**OPINION AND ORDER DISMISSING THE PETITION
FOR A WRIT OF HABEAS CORPUS [1], DENYING
A CERTIFICATE OF APPEALABILITY, AND DENYING
<u>LEAVE TO PROCEED INFORMA PAUPERIS ON APPEAL</u>**

**I.    Introduction**

Thomas Evans ("Petitioner"), a pre-trial detainee at the Washtenaw County Jail in Ann Arbor, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] challenging his pending

---

[1] The statute applicable to a pretrial detainee seeking federal habeas relief is 28 U.S.C. § 2241. *Winburn v. Nagy*, 956 F.3d 909, 911 (6th Cir. 2020) (citing *Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019)). Accordingly, the Court construes the petition as one brought under that provision. The Rules Governing Section 2254 Cases, including the screening requirement of Rule 4, apply to § 2241 petitions. *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

state criminal proceedings (arising from a probation violation). (ECF No. 1.) He has a trial date set for January 6, 2025. (*Id.* at PageID.3.) In his pleadings, Petitioner does not set forth detailed facts or specific legal claims. Rather, he merely states that he seeks to "be brought before this court within 60 working days" or to have the charges against him dismissed, (*Id.* at PageID.1), and states that he is "[t]rying to get sentenced to time served [at the jail] for [his] violation of probation for [his] fleeing and eluding charge." (*Id.* at PageID.3.) For the reasons set forth, the Court dismisses without prejudice the habeas petition, denies a certificate of appealability, and denies leave to proceed in forma pauperis on appeal.

**II.   Discussion**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminarily review of a federal habeas case and to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If, after initial consideration, the Court determines that the petitioner is not entitled to relief, the Court must dismiss the petition. *See* Rule 4, Rules

2

Governing § 2254 Cases; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to screen out petitions that lack merit on their face). Cases subject to dismissal under Rule 4 include those that raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).

28 U.S.C. § 2241 "establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, [but] the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981); *see also Younger v. Harris*, 401 U.S. 37 (1971). Federal courts should not interfere with pending state criminal proceedings where: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the petitioner has an adequate opportunity in the state proceeding to raise constitutional challenges. *Hill v. Snyder*, 878 F.3d 193, 206 (6th Cir.

3

2017) (quoting *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006)); *see also Middlesex Co. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

The United States Court of Appeals for the Sixth Circuit has recognized three exceptions that permit a federal court to consider a pre-trial habeas petition: the petitioner seeks a speedy trial and available state court remedies have been exhausted; the petitioner seeks to avoid a second trial on double jeopardy grounds; or the petitioner "faces prejudice from prior ineffective assistance of counsel and due process violations on retrial." *See Hill v. Welsh*, Nos. 21-1759/21-1784, 2022 WL 17493380, at *1 (6th Cir. June 24, 2022) (citing *Atkins*, 644 F.2d at 546–47; *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989)).

The three factors that support *Younger* abstention are present here. First, there is an ongoing state criminal prosecution pending in the state court. *See Nimer v. Litchfield Twp. Bd. of Trustees*, 707 F.3d 699, 701 (6th Cir. 2013); *see also Swain v. Jackson Cnty.*, No. 5:21-cv-12724, 2023 WL

2899512, at *1 (E.D. Mich. Apr. 11, 2023) (applying *Younger* abstention in a case involving a pending probation violation charge). Petitioner states that he has been charged with a probation violation and is scheduled for a trial on January 6, 2025. (ECF No. 1, PageID.1, 3.) Second, state criminal proceedings clearly involve important state interests. *See Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000); *see also Younger*, 401 U.S. at 50. Third, the state-court proceedings provide an adequate opportunity for Petitioner to raise any federal constitutional challenges. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 16 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). If Petitioner does so and the trial court denies or fails to consider his claims, he may pursue an appeal and/or collateral review in the state courts as provided by Michigan law.

Abstention is thus appropriate unless of one of the exceptions to the *Younger* doctrine applies. None of them are present in this case. While Petitioner appears to raise a speedy trial claim in his pleadings, he fails

5

to demonstrate that he exhausted such a claim in the state courts before seeking federal habeas review. And his sentencing claim does not fall within any of the exceptions.

Moreover, even when extraordinary circumstances exist to warrant federal court intervention in an ongoing state criminal prosecution, a petitioner must exhaust all available state court remedies before seeking federal habeas relief. *See Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 490 (1973); *Phillips v. Ct. of Common Pleas*, 668 F.3d 804, 810 (6th Cir. 2012); *Atkins*, 644 F.2d at 546. Petitioner fails to allege or establish that he has done so. His habeas action is therefore premature and must be dismissed.

### III. Conclusion

For the reasons stated, the Court concludes that Petitioner's challenge to his ongoing state criminal proceedings and current confinement in state custody is premature and that he is not entitled to federal habeas relief at this time. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b); *see also*

*Winburn v. Nagy*, 956 F.3d 909, 911–12 (6th Cir. 2020) (state pre-trial detainee must obtain a certificate of appealability to appeal the denial of a § 2241 petition). A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*. Petitioner makes no such showing. Reasonable jurists would not find the Court's procedural ruling debatable. Accordingly, the Court **DENIES** a certificate of appealability.

Finally, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the

7

Court **DENIES** leave to proceed in forma pauperis on appeal. This case is closed.

IT IS SO ORDERED.

Dated: December 18, 2024     s/Judith E. Levy
Ann Arbor, Michigan     JUDITH E. LEVY
    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 18, 2024.

    s/William Barkholz
    WILLIAM BARKHOLZ
    Case Manager